# UNITED STATES DISTRICT COURT
## Middle District of Georgia

UNITED STATES OF AMERICA

v.

CLARENCE LEONARDY BROWN, II

**Judgment in a Criminal Case**

(For **Revocation** of Probation or Supervised Release)

Case No. 5:22-CR-00027-MTT-CHW(1)

USM No. 67972-018

TIMOTHY R SAVIELLO
_____
Defendant's Attorney

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s) ____1-6____ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Said defendant failed to refrain from owning, possessing, or having access to a firearm, ammunition, destructive device or dangerous weapon. | 11/04/2021 |
| 2 | Said defendant failed to refrain from violation of the law, by Possessing Child Pornography. | 11/04/2021 |
| 3-4 | Said defendant was found to be in possession of unauthorized devices. | 11/04/2021 |
| 5 | Said defendant was found to have accessed child pornography, as charged by his recent arrest in Peach County, Georgia, for Possession of Child Pornography, in violation of O.C.G.A. 16-2-100. | 11/04/2021 |
| 6 | Said defendant was found to be in possession of unauthorized devices. | 11/04/2021 |

The defendant is sentenced as provided in pages 2 through ____2____. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec.   5172

Defendant's Year of Birth:   1978

City and State of Defendant's Residence:
Byron, Georgia

March 5, 2025
_____
Date of Imposition of Judgment

s/ Marc T. Treadwell
_____
Signature of Judge

MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE
_____
Name and Title of Judge

3/13/2025
_____
Date

AO 245D    Judgment in a Criminal Case for Revocations
Rev. 12/19    Sheet 2— Imprisonment

Judgment — Page _____2_____ of _____5_____

DEFENDANT:  CLARENCE LEONARDY BROWN, II
CASE NUMBER:  5:22-CR-00027-MTT-CHW(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : Ten (10) months imprisonment to be served consecutively to the one hundred-twenty (120) month sentence imposed this date in Case No.  5:23-CR-44 (MTT) for a TOTAL TERM OF IMPRISONMENT of one hundred-thirty (130) months.

☒    The court makes the following recommendations to the Bureau of Prisons:

The Defendant shall participate in the Residential Drug Abuse Program (RDAP), the Challenge Program, the Cognitive Behavioral Therapy for Late-Life Depression Program, the Cognitive Processing Therapy Program, and the Sex Offender Treatment Program during the period of imprisonment.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____  ☐  a.m.  ☐  p.m.  on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          CLARENCE LEONARDY BROWN, II
CASE NUMBER:        5:22-CR-00027-MTT-CHW(1)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  Ten (10) years to be served concurrently to the supervised release sentence imposed in 5:23-CR-44 (MTT) this date for a TOTAL TERM OF SUPERVISED RELEASE of ten (10) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:           CLARENCE LEONARDY BROWN, II
CASE NUMBER:         5:22-CR-00027-MTT-CHW(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____
USPO Officer's Signature _____    Date _____

AO 245D  Judgment in a Criminal Case for Revocations
(Rev. 12/19)  Sheet 3D — Supervised Release

| | | | Judgment—Page | 5 | of | 5 |

DEFENDANT:        CLARENCE LEONARDY BROWN, II
CASE NUMBER:      5:22-CR-00027-MTT-CHW(1)

# SPECIAL CONDITIONS OF SUPERVISION

- You shall participate in an approved sex offender treatment program. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. For contracted providers, you shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved 'U.S. Probation Office's Sliding Scale for Service,' and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. You are responsible for paying all costs associated with any non-contracted treatment providers approved by the probation office.

- You shall not associate with or have contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved in advance by the probation officer. Contact includes any direct correspondence, telephone, internet or other electronic communication, or by using third parties.

- You shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

- You are prohibited from access to any computer or any other public or private computer network at any location. This includes but is not limited to computers or devices located in private homes, libraries, schools, cyber cafes or other public or private locations.

- You shall not use or own any device which allows Internet access. This includes but is not limited to PDAs, electronic games, Internet appliances and cellular devices.

- An exception may be made for employment or education with the approval of the Probation Office.

- You shall provide the Probation Office with truthful and complete information regarding all computer hardware, software, Internet providers, cellular devices and storage media to which you have access, whether at home, work, or other locations. You shall also provide all passwords used on your computer, cellular devices and online accounts.

- You are only authorized to use cellular devices that do not have Internet access and are approved by the Probation Office. You shall submit your cellular devices for inspection and review by the Probation Office.

- You shall not own or possess any type of camera, photographic device or video producing device without the approval of the Probation Office.

- You shall provide financial information to the Probation Office upon request. You shall not possess or use any form of removable media or data storage.

- You shall not possess or use any form of removable media or data storage.

- Should you be found in violation of these conditions through possession of any form of digital evidence, you shall submit that evidence for inspection and review by the Probation Office. If directed, you shall relinquish possession of said items to the Probation Office. The review may include data you have stored on remote servers, such as cloud storage, social media applications or any other online account or service.

- You will allow the Probation Office to use detection tools to discover the existence of wireless Internet signals or devices at your residence.

- You shall notify all parties who reside in your residence of these conditions.

- You shall submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

- You shall submit to polygraph testing to determine if you are in compliance with the conditions of supervision and/or treatment program. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services."

- You shall not have another individual access the internet on your behalf to obtain files or information that you are restricted from accessing yourself or accepting files or information from another person.

- You are prohibited from possessing or using alcoholic beverages while enrolled in treatment such as mental health, sex offender or substance abuse treatment.

- You shall consent to third-party disclosure to any employer or potential employer, concerning the history, characteristics, criminal background or any computer related restrictions that have been imposed.

- You shall not possess or have under your control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence towards children or "child pornography," as defined in 18 U.S.C. §2256(2) and (8), including photographs, images, books, writings, drawings, videos, and electronic material.